# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DEMANCE BEASLEY, | ) |
| Petitioner, | ) ) ) |
| v. | ) NO. 3:16-cv-3049 |
| | ) CHIEF JUDGE CRENSHAW |
| BRUCE WESTBROOKS, | ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This is a habeas corpus action brought by Demance Beasley, a state prisoner, pursuant to 28 U.S.C. § 2254. Presently before the Court is Respondent's motion to dismiss the petition on the grounds that it is time-barred. (Doc. No. 28.) For the reasons set forth herein, the Court finds that the petition is barred by the statute of limitations in 28 U.S.C. § 2244(d)(1)(A). As a result, the Court will grant Respondent's motion to dismiss.

## Discussion

### I. Background

In 2010, the Davidson County Grand Jury issued a five-count indictment charging Petitioner with three counts of first-degree murder, one count of aggravated assault and one count of possession of cocaine with the intent to distribute. (Doc. No. 29-1 at Page ID# 172-78; see also State v. Demance Beasley, No. M2011-00228-CCA-R3-CD, 2012 WL 2018227, at *1 (Tenn. Crim. App. June 6, 2012). The case was tried to a jury, which found Petitioner guilty of first-degree felony murder, the lesser included offense of reckless homicide, the lesser included offense of voluntary manslaughter, aggravated assault, and possession. (Doc. 29-1 at Page ID#

257-61.) The lesser included offenses were merged into the felony murder conviction and Petitioner was sentenced to life with the possibility of parole, six years for the aggravated assault conviction and 12 years for the possession conviction. (Id.)

Petitioner appealed to the Tennessee Court of Criminal Appeals. On June 6, 2012, the court of appeals issued an opinion affirming the trial court's judgments. See Beasley, 2012 WL 2018227, at *9. Petitioner filed an application for permission to appeal to the Tennessee Supreme Court, which was denied on October 17, 2012.[1] (Doc. No. 29-3.) Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

On September 27, 2013, Petitioner timely filed a petition for post-conviction relief in the trial court. (Doc. No. 29-4 at Page ID# 305-08.) He subsequently amended his petition twice. (Id. at Page ID# 309-316, 319-29.) The petition for post-conviction relief was denied on July 25, 2014. (Id. at Page ID# 333-38.) Petitioner appealed to the Tennessee Court of Criminal Appeals, which denied relief on August 13, 2015. See Beasley v. State, No. M2014-01507-CCA-R3-PC, 2015 WL 4764282, at *1 (Tenn. Crim. App. Aug. 13, 2015). Thereafter, Petitioner sought permission to appeal from the Tennessee Supreme Court, which was denied on November 25, 2015. Id. at *1.

Petitioner filed his petition under 28 U.S.C. § 2254 in this Court on or about November 28, 2016.[2] He filed an amended petition on February 10, 2017.

---

[1] In Tennessee, review by the state Supreme Court is not required for exhaustion. Instead, "once the Court of Criminal Appeals has denied a claim of error, 'the litigant shall be deemed to have exhausted all state remedies available for that claim.'" Adams v. Holland, 330 F.3d 398, 402 (6th Cir. 2003) (quoting Tenn. S. Ct. R. 39).
[2] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. Cook v. Stegall, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner declares that he placed the petition in the prison mailing system on November 28, 2016. Accordingly, the petition shall be deemed filed as of that date. See Brand v. Motley, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials).

II.  Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); see also Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); Artuz v. Bennett, 531 U.S. 4, 8 (2000) (defining "properly filed").

Here, as in most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). After the Tennessee Court of Criminal Appeals issued an opinion affirming the trial court's judgments, Petitioner applied for permission to appeal to the Tennessee Supreme Court, which was denied on October 17, 2012. Petitioner did not file a petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. See Lawrence v. Florida, 549 U.S. 327, 332-33 (2007); Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on January 15, 2013. Under § 2244(d)(1)(A), Petitioner had one year from January 15, 2013 in which to file his federal habeas application. Petitioner did not file his application in this Court until November 28, 2016. Thus, absent tolling, his application is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitation is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. Payton v. Brigano, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations. Id.; McClendon v. Sherman, 329 F.3d 490, 493 (6th Cir. 2003). On September 27, 2013, when Petitioner filed his petition for state post-conviction relief the limitations period was statutorily tolled. See 28 U.S.C. § 2244(d)(2). On November 26, 2015, the date after the Tennessee Supreme Court denied review in the post-conviction proceeding, the limitations period resumed. See Lawrence, 549 U.S at 332.[3] At that point, Petitioner had 111 days within which to file his

---
[3] The time for filing a petition for writ of certiorari from the denial of collateral review is not considered in determining the statute of limitations for filing a federal habeas petition. See 28 U.S.C. § 2244(d)(2); Lawrence, 549

federal habeas petition, or until March 15, 2016.[4] Petitioner, however, did not file the instant petition until November 28, 2016, more than eight months after the statute of limitations expired. Thus, his petition was untimely.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645 (2010); Akrawi v. Booker, 572 F.3d 252, 260 (6th Cir. 2009); Keenan v. Bagley, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. See Keenan, 400 F.3d at 420; Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. See, e.g., Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 749 (6th Cir. 2011); Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir. 2010); Sherwood v. Prelesnik, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Lawrence, 549 U.S. at 335; Hall, 662 F.3d at 750; Akrawi, 572 F.3d at 260.

Petitioner suggests that he is entitled to equitable tolling because he filed a motion to stay and abey in this Court to allow himself more time to file his petition, because he was not given internet access to obtain materials, because his legal materials were confiscated and kept for months, and because his state post-conviction counsel, Manuel Russ, would not turn over his case files.

---

U.S. at 333-334.
[4] 2016 was a leap year so February, 2016 had 29 days.

Petitioner has failed to demonstrate that he was diligent in pursuing his rights. See Holland, 560 U.S. at 649; see also Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003) (concluding that the Court must assess a petitioner's overall diligence in filing his habeas petition within the limitations period.) First, Petitioner's motion to stay and abey, filed on November 17, 2016, was filed long past the expiration of the statute of limitations, and thus, cannot be a basis for equitable tolling.[5] Second, in his response to Respondent's motion to dismiss, Petitioner states that "after my final affirmation on 11-2[5]-15 which I was under the impression gave me a year to complete a federal habeas [petition]. If it's a year after my last affirmation 11-2[5]-15 that would be 11-24-16 I assume." (Doc. No. 30 at Page ID# 353.) Thus, although Petitioner was aware by November 25, 2015 that he had a limited time to file his federal petition, he failed to investigate to ascertain how that time limitation was calculated. Instead, Petitioner relied on his assumptions and impressions about when the time period for filing expired. Even if Petitioner was not aware of a statutory deadline however, "lack of actual or constructive knowledge of the filing requirement" is not a basis for equitable tolling. Allen, 366 F.3d 396. 403-04; see also Craig v. White, 227 F. App'x 480, 482 (6th Cir. 2007); Harvey v. Jones, 179 F. App'x 294, 299-300 (6th Cir. 2006); Martin v. Hurley, 150 F. App'x 513, 516 (6th Cir. 2005); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

---

[5] On November 17, 2016, Petitioner filed a document styled, "Motion to Stay and Abeyance of the Habeas Corpus Proceedings" in which he moved the Court for a stay to allow him to exhaust unexhausted claims. (Doc. No. 3.) Even if the Court were inclined to rule on Petitioner's motion, it could not because Petitioner had not, as yet, filed a petition. On November 29, 2016, the Court received Petitioner's initial petition, which was covered with the word "draft" in black marker. Nevertheless, endeavoring to preserve whatever time, if any, remained in Petitioner's limitations period, the Court filed the "draft" petition (Doc. No. 1). As is manifest, by the time Petitioner filed his motion on November 17, 2016, the statute of limitations had already expired.

Moreover, even if he had been diligent, Petitioner has failed to demonstrate that extraordinary circumstances prevented him from timely filing his federal habeas petition. Petitioner complains that he could not timely file his petition because the Tennessee Department of Corrections would not allow him to access the internet so he was unable, on his own, to obtain materials regarding the criminal activity of his former attorneys Ron E. Munkeboe and Reginald Horton and that he did not have access to his legal materials because they were confiscated by staff at the Riverbend Maximum Security Institute and not returned for months. (Doc. No. 30 at Page ID# 359; Doc. No. 31 at Page ID# 411.) Petitioner does not set forth with any specificity why he needed materials regarding the criminal activity of his previous lawyers before he could file his petition, particularly where the form petition he filed requires only a brief statement of facts. (Doc. Nos. 1, 22.) Additionally, the print-out regarding attorney Horton that Petitioner attaches to his opposition to the motion to dismiss shows a print date of May 22, 2009. (Doc. No. 30 at Page ID# 384.) With respect to the confiscation of his legal materials, Petitioner does not explain when this happened, how long he did not have access to his legal materials, or why he could not, even without his legal materials, file the form petition.

Petitioner also claims that he could not timely file his petition because Mr. Russ' failed to turn over his case files; however Petitioner fails to explain what essential items he needed from Mr. Russ before he could file his petition. Petitioner filed his initial "draft" petition using the form Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Thus, he was well aware of the relatively minimal amount of information required to file such a petition, that the form was replete with the admonition "if you know," suggesting that some information might be outside the range of information readily available to Petitioner, and in

particular, that the form discouraged Petitioner from including legal argument or citations, and that the form admonished Petitioners to state just the facts that supported his claims. (See Doc. No. 1.)

Additionally, it is unclear whether Mr. Russ ever gave Petitioner all of his case files, and yet Petitioner was able to file a petition, albeit outside the limitations period. Mr. Russ failure to turn over Plaintiff's file and Plaintiff's difficult accessing legal materials are not sufficient bases for the application of equitable tolling. See Hall v. Warden, 662 F.3d 745, 749 (6th Cir. 2011) (holding that counsel's failure to turn over the trial transcript as well as other documents related to the case and the prison's restriction on visits to the law library did not entitle petitioner to equitable tolling). Petitioner has not demonstrated diligence in attempting to timely file his federal habeas petition, nor has he established that any extraordinary circumstance prevented him from timely filing his petition. Consequently, he is not entitled to equitable tolling.

In McQuiggin v. Perkins, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of Schlup v. Delo, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under Schlup, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1935 (quoting Schlup, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not

demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. Id. at 1936.

In the instant case, Petitioner does not claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. Schlup, 513 U.S. at 329. Because Petitioner has failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

## **Conclusion**

Because it plainly appears from the face of the petition and the documents in the record filed by the parties that the petition is barred by the AEDPA statute of limitations, 28 U.S.C. § 2244(d)(1)(A), and therefore that Petitioner is not entitled to relief in this court, Rule 4, Rules Gov'g § 2254 Cases, Respondent's motion to dismiss will be granted.

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required

showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Under the standard articulated in Miller-El, the court finds that jurists of reason would not disagree that the petition is barred by the statute of limitations. A COA will not issue.

An appropriate order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE